STATE of Oklahoma, ex rel., STATE BOARD OF OFFICIAL SHORTHAND REPORTERS, Complainant,

v.

Kenneth ISBELL, Respondent.

No. 75476.

Supreme Court of Oklahoma.

Dec. 26, 1990.

Kenneth Isbell, Enid, pro se.

Robert Henry, Atty. Gen., Kathlyn A. Rhodes, Asst., Oklahoma City, for respondent.

SIMMS, Justice:

Ken Pierce, Chairman of the State Board of Examiners of Official Shorthand Reporters (Board) filed a formal complaint against Respondent, Kenneth Isbell, a Certified Shorthand Reporter, seeking revocation or suspension of his license based on alleged violations of certain Rules of the Board, which were approved and adopted by the Supreme Court of Oklahoma. Thereafter, Ken Pierce recused from any further proceedings in the matter before the Board.

After receiving notice and a copy of the complaint, Respondent filed an answer, however he failed to appear at the hearing before the Board, either in person or by counsel. After hearing testimony and receiving documentary evidence, the Board unanimously found that Respondent had intentionally violated and failed to comply with certain rules of the Board, 20 O.S. 1981, Ch. 20, App. 1, while he was a member of the Board, in the following manner:

I. "Rule 8,[1] by picking up the paper of Mrs. B. when he saw her place it on the desk at which he was seated thereby learning her identity; and that he took her paper along with the papers of other applicants from the test site after telling another member of the Board before he left the test site that he had no papers."

II. "That respondent intentionally violated and failed to comply with Rule 12[2] by notifying Mrs. M. and Mrs. B. that

---

1. Rule 8 reads: "The identity of each candidate shall be and remain unknown to the Board until the final results are announced. Before the commencement of the examination, an identifying number shall be assigned to each candidate by the Secretary of the Board. The candidate shall enter such number and date on each group of papers used in the examination and shall not enter his name at any place on the examination papers."

2. Rule 12(a) "Each candidate who completes the test shall be notified in writing by the Secretary of the Board whether he has passed or failed within thirty (30) days from the date of the examination."

they had passed the test prior to official notification of the Board."

III. "Rule 11[3] by undercounting and failing to score the proper number of errors, thereby falsifying the test papers of Mrs. M. and Mrs. B."

IV. That respondent intentionally violated and failed to comply with Rule 14[4] by fictionalizing and falsifying the transcript paper of Mrs. B., i.e., typing it himself, and stapling it to her stenographic notes, thereby attempting to certify Mrs. B. as a certified shorthand reporter when she was not qualified because of failure to pass the test."

Title 20, O.S.Supp.1982, Ch. 2, App. 2, Rule 7(B). provides:

"Either the complainant or the court reporter may, within twenty (20) days of receipt of notice of completion and transmittal of the record, file their brief-in-chief contesting the Board's recommendation or in part thereof...."

Neither complainant nor respondent filed a brief in chief within the time prescribed by rule, and respondent was ordered to show cause why the matter should not be submitted on the transcript and evidentiary documents. Isbell filed a response to the show cause order wherein he alleges undue hardship because of the recommended suspension; the recommended suspension is unduly harsh; some of the acts complained of were not violative of a Rule; the suspension was predicated, in part, upon perjured testimony, which Isbell fails to refute by affidavit or otherwise; and other evidentiary matters.

 Upon a complete review of the transcript, depositions, and documentary evidence, we find the Board has met its "burden of persuasion on the material elements of the complaint." 20 O.S.Supp.

1982, ch. 20, app. 2, Rule 6(B). The record shows the Board met the burden by clear and convincing evidence. We adopt this standard of proof in cases involving the suspension or revocation of a shorthand reporter's license.

The recommendation of the Board of Examiners of State Shorthand Reporters as to discipline is adopted; and respondent is ordered suspended as a certified shorthand reporter for a period of One (1) Year from the date this opinion becomes final; and, respondent Isbell shall forthwith surrender his CSR seal to the complainant Board; and respondent Isbell is prohibited from using the words "Certified Shorthand Reporter" to describe his professional status on any certificate or other instruments or until such time as respondent is reinstated as a Certified Shorthand Reporter.

Payment of costs of these disciplinary proceedings shall be a condition precedent to readmission.

RECOMMENDATION OF THE STATE BOARD OF EXAMINERS OF OFFICIAL SHORTHAND REPORTERS IS ADOPTED AND APPROVED. RESPONDENT ORDERED SUSPENDED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

---

3. Rule 11 sets forth the guidelines to be used by the Board in scoring the transcripts of those taking the shorthand test for licensure.

4. Rule 14 "a. All examinees who successfully pass the CSR examination and have otherwise been found and approved by the Board to be fit and proper persons in accordance with the statutes and these rules, shall be recommended by the Board to the Supreme Court for official enrollment as certified shorthand reporters.

"b. All persons who successfully pass all three elements of the CP or CM examinations given by the Board or recognized by the Board and who are certified shorthand reporters employed by the State of Oklahoma shall be recommended by the Board to the Supreme Court for official enrollment as certificate of proficiency or certificate of merit shorthand reporters."