2001 OK 8

**STATE of Oklahoma, ex rel., STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS, Petitioner,**

v.

**Anita Susan HAMM, a Certified Shorthand Reporter in the State of Oklahoma, Respondent.**

No. 93,964.

Supreme Court of Oklahoma.

Jan. 23, 2001.

---

Douglas F. Price, Assistant Attorney General, Office of the Attorney General, Oklahoma City, OK, for Petitioner.

Anita Susan Hamm, Perry, OK, Pro Se.

HARGRAVE, C.J.

¶ 1 The State Board of Examiners of Certified Shorthand Reporters (Board) filed a complaint against the Respondent, Anita Susan Hamm, pursuant to the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Official Shorthand Reporters, title *20 O.S.1991, Chapter 20, Appendix 2.* The complaint alleged that on October 12, 1995, Anita Susan Hamm was convicted in the district court of Oklahoma County of two felony counts of arson in the third degree, for which she received a ten-year suspended sentence. The complaint further alleged that on November 1, 1996, Anita Susan Hamm was convicted in the district court of Tulsa County of two felony counts of obtaining a controlled drug by forged prescription, for which she received a two-year suspended sentence.

¶ 2 The complaint advised the Respondent that conviction of a felony was grounds for institution of disciplinary proceedings and a sufficient basis for discipline under the Rules.[1] Accordingly, the complaint informed the Respondent that, pursuant to Rule 5, the issue at the hearing would be limited to the nature of the discipline to be imposed. Certified copies of the judgment and sentence in each of the cases was attached as Exhibit A to the complaint and Respondent was notified of the date of the hearing.

¶ 3 The matter came on for hearing before the Board on October 16, 1998. The Respondent appeared in person, pro se. The Respondent testified that she obtained her license in 1981 and has held her license continuously since then. The Respondent, under oath, read a prepared statement into the record which verified the accuracy of the allegations in the complaint. The Board recommended that the Respondent's license should be revoked.

¶ 4 The case stands submitted to this court on the record and administrative decision of the State Board of Examiners of Certified Shorthand Reporters. Rule 7(B) of the Disciplinary Rules provides that either the complainant or the court reporter may, within twenty days of receipt of notice of completion and transmittal of the record, file a brief contesting the Board's recommendation. Neither party has filed a brief and neither party has responded to an order of this Court requiring the parties to inform the court why the matter should not proceed based upon the record submitted.

¶ 5 The judgment and sentence in Case No. CF 95–1992 in the District Court of Oklahoma County reflects that on October 12, 1995, after having entered a plea of nolo contendre, Anita Susan Hamm was convicted of two felony counts of Arson III and was sentenced to concurrent ten-year suspended sentences on each count. The judgement and sentence in Case No. 95–3115 in the District Court of Tulsa County reflects that on November 1, 1996, Anita Susan Hamm entered a plea of guilty to two felony counts of obtaining a controlled drug by forged prescription. The Respondent was sentenced to a term of two years imprisonment on each count, suspended, with the terms to run concurrently. These convictions of a felony demonstrate an unfitness to hold a certified shorthand reporter's certificate.

¶ 6 Rule 2 of the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Official Shorthand Reporters, title *20 O.S.1991 Chapter 20, Appendix 2* provides:

"Board shall on complaint, or as otherwise hereinafter provided, conduct proceedings, on reasonable notice, the object of which are to recommend to the Supreme Court

---

1. Rules Governing Disciplinary Proceedings of the State Board of Examiners of Official Short-hand Reporters, title *20 O.S.1991, Chapter 20, Appendix 2,* adopted January 4, 1982.

discipline of any court reporter, where it shall be determined there exists any of the following grounds:

(a) conviction of a felony, or of a misdemeanor involving moral turpitude; ..."

¶ 7 Rule 5(B) provides that if the complaint alleges as grounds for discipline the conviction of a court reporter of a felony, a certified copy of the charges and a certified copy of the judgment and sentence of conviction shall be attached. The rule further provides that such documents, regardless of the pendency of an appeal, shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment is based, and shall suffice as the basis for discipline. Thereafter, the issues in a formal proceeding shall be limited to the nature of the discipline to be imposed.

¶ 8 In the present matter, Respondent's felony convictions were proven by certified copies of the judgment and sentence in each case. Thus, they constitute the charge and are conclusive evidence of commission of the crimes upon which the judgment is based. It remained only for the Board to recommend the discipline to be imposed. The Board recommended that the Respondent's shorthand reporter's license should be revoked.

¶ 9 Rule 7(C) of the Disciplinary Rules provides that the Supreme Court may, in its sole discretion, adopt or reject the Board's recommendation or make such other disposition as the Court may deem proper. Having conducted a complete review of the record, we adopt the recommendation of the Board and find that Respondent's shorthand reporter license heretofore issued by the Supreme Court of the State of Oklahoma should be and is hereby revoked.

### LICENSE REVOKED.

¶ 10 CONCUR: HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, OPALA, BOUDREAU, and WINCHESTER, JJ.

¶ 11 CONCUR IN PART; DISSENT IN PART: KAUGER, SUMMERS, JJ.