2006 OK 91

STATE of Oklahoma ex rel. OKLAHOMA STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS, Petitioner,

v.

Myrna PARRISH a.k.a. Myrna Higgins, Respondent.

No. 103,308.

Supreme Court of Oklahoma.

Dec. 12, 2006.

David L. Kinney, Assistant Attorney General, Oklahoma City, OK, for Petitioner.

Chris W. Blankenship, Stigler, OK, for Respondent.

COLBERT, J.

¶ 1 The Oklahoma State Board of Examiners of Certified Shorthand Reporters (Board) commenced formal disciplinary proceedings against Myrna Parrish, also known as Myrna Higgins (Respondent), following her conviction for public intoxication. The Board recommends that Respondent be suspended for one year. This Court adopts that recommendation and suspends Respondent for a period of one year.

FACTS AND PROCEDURAL HISTORY

¶ 2 On September 27, 2004, Respondent was performing her duties as court reporter in a preliminary hearing of a criminal matter in Haskell County. The assistant district attorney who was prosecuting the case suspected that Respondent had been drinking. After proceedings had ended for the day, he inspected the glass from which Respondent had been drinking and smelled alcohol. He was concerned that Respondent might be driving, so he had a deputy sheriff talk to her. The deputy arrested Respondent for public intoxication. On October 18, 2004, Respondent was charged with that offense. She entered a plea of guilty on March 21, 2005. She was sentenced to a jail term of thirty days with the sentence suspended.

¶ 3 The assistant district attorney lodged a complaint with the Board against Respondent. On March 29, 2006, the Board brought

formal disciplinary proceedings based on the grounds stated in Rule 2(a): "Final conviction of a criminal offense which indicates a clear and rational likelihood that the reporter will not properly discharge the responsibilities of a person licensed or certified as a court reporter...." Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, Okla. Stat. tit. 20, ch. 20, app. 2 (2001 & Supp.2006).

¶ 4 A hearing was held on April 21, 2006. Respondent testified regarding her alcoholism, her inpatient treatment in the Summer of 2005, and the medication she now takes to curb her craving for alcohol. She explained that following her arrest in 2004, she planned to leave the profession and therefore did not complete her 2004 continuing education requirements. This led to her administrative suspension on January 9, 2006. Since that time, however, Respondent has resolved to continue in her chosen profession. At the end of the hearing, the Board voted to recommend a one-year suspension.

## ANALYSIS

■ ¶ 5 The decision of the Board "constitutes its recommendation" to this Court. *Id.* at Rule 8(a). This Court "may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions or make such other disposition as [this Court] may deem proper...." *Id.* at Rule 8(c). The Board bears "the burden of persuasion on the material elements of the Complaint." *Id.* at Rule 7(b). It must do so by "clear and convincing evidence." *State of Okla. ex rel. State Bd. of Official Shorthand Reps. v. Isbell,* 1990 OK 135, ¶ 3, 803 P.2d 1143, 1144.

¶ 6 When "final conviction of a criminal offense" is the asserted grounds for discipline, a certified copy of the charges and a certified copy of the judgment and sentence shall be attached to the formal complaint. Rules Governing Disciplinary Proceedings, Rule 6(b). "Such documents, regardless of the pendency of an appeal, shall constitute the charge and be conclusive evidence of the

commission of the crime upon which the judgment is based and shall suffice as the basis for discipline in accordance with these rules." *Id.*

■ ¶ 7 Respondent points to a procedural misstep by the Board in making its recommendation and asserts that the term of suspension this Court imposes should be reduced from one year to six months. The Board's order memorializing its decision states that its recommendation of a one-year suspension was based on Respondent's conviction. The transcript of the hearing at which the vote of the Board was recorded, however, demonstrates that the vote was based on the conviction and on a March, 2006 public intoxication charge.[1] This was error.

¶ 8 Rule 6(b) of the Rules Governing Disciplinary Proceedings explains that documentation of a conviction provides the basis for discipline. "Thereafter, the issues in a formal proceeding shall be limited to whether the conviction falls within the requirement that the conviction of the said crime will preclude the court reporter from performing his or her duties under the statutes and rules relating to court reporters." Although the Board erred, its recommendation as to the length of suspension to be imposed is merely that, a recommendation. This Court will impose the discipline it determines to be appropriate.

■ ¶ 9 The seriousness of the conduct for which Respondent was convicted derives from the fact that she was performing the duties of court reporter while intoxicated. Her on-the-job conduct, and resulting conviction, indicate a clear and rational likelihood that Respondent will not properly discharge the responsibilities of a licensed court reporter. But the conduct was also actionable on the grounds stated in the assistant district attorney's complaint to the Board, that of gross neglect of duty. *Id.* at Rule 2(d) ("Fraud, gross incompetence, or gross or habitual neglect of duty."). Respondent's conduct demonstrated a gross neglect of her duty to maintain sobriety while performing

---

**1.** This Court takes judicial notice of the docket of the District Court of Haskell County. It reflects

the fact that this charge was dismissed upon the payment of court costs on September 19, 2006.

the duties of court reporter. Therefore, this Court does not believe that the Board's recommendation of a one-year suspension should be reduced to six months as Respondent urges. But for Respondent's testimony describing her treatment for alcoholism and her ongoing efforts to maintain sobriety, this Court would revoke her license to court report.

¶ 10 By imposing a one-year suspension this Court is not holding Respondent to a higher standard than the one to which lawyers are held. Respondent cites this Court's imposition of lawyer discipline in *State ex rel. Oklahoma Bar Association v. Garrett*, 2005 OK 91, 127 P.3d 600. There, a lawyer was publicly censured and received probation for one year based on his arrest for felonious sexual battery while intoxicated and his plea of guilty to misdemeanor battery. The misconduct in *Garrett*, however, did not occur while the lawyer was in the courtroom or while he was performing the duties of a lawyer. Respondent's citation to *Garrett* does not persuade this Court to reduce the Board's recommendation of a one-year suspension in this matter.

¶ 11 The recommendation of the Board is adopted and Respondent is suspended for one year from the effective date of this opinion. After Respondent's term of suspension has expired, she may be reinstated by the procedures and requirements of Rule 9(a).[2]

RESPONDENT SUSPENDED

ALL JUSTICES CONCUR.

2. Rule 9(a) provides:

a. Any court reporter who has been disciplined by suspension under order of the Supreme Court for a period of one (1) year or less shall be reinstated without further proceedings before the Board or order of the Supreme Court upon the filing of a verified application with the Secretary of the Board and a copy thereof with the Clerk of the Supreme Court, which shall state:

1. That the term of suspension as ordered by the decision of the Supreme Court has expired:

2. That all costs of the formal disciplinary proceedings, including transcript costs, as well as renewal fees, have been paid by the applicant; and

3. That there is not currently pending before the Board any complaint of misconduct against the applicant.

4. That the applicant has not engaged in the practice of court reporting during the term of suspension.

Material deletions or misrepresentations in the application shall be grounds for discipline.

Okla. Stat. tit. 20, ch. 20, app. 2 (Supp.2006).