2007 OK 67

**STATE of Oklahoma, ex rel., STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS, Petitioner,**

v.

**Jan CLARK, CSR # 924, Respondent.**

**No. 104,587.**

Supreme Court of Oklahoma.

Sept. 18, 2007.

Rehearing Denied May 16, 2008.

Patricia A. Podolec, Assistant Attorney General, Oklahoma City, OK, for complainant.

No appearance entered for respondent.

WATT, J.

¶ 1 The single issue presented is whether the shorthand reporter's license should be revoked for failure to complete a transcript in a criminal proceeding. Upon *de novo* review[1] of the clear and convincing[2] and uncontested evidence, we determine that the

---

1. Rule 8, Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, 20 O.S. Supp.2004, Ch. 20, App. 2 providing:

"a. The decision of the Board, which constitutes its recommendation, shall be immediately transmitted to the Supreme Court, and copies thereof mailed to the court reporter involved. The record of the proceedings before the Board relative to any decision shall be transmitted to the Clerk of the Supreme Court not later than forty-five (45) days after the date of the Board's decision, unless an extension of time for preparation of the record is granted by order of the Supreme Court. The Secretary of the Board shall promptly notify the court reporter involved and the complainant of the completion and transmittal of the record.

b. Either the complainant or the court reporter may, within twenty (20) days of receipt of notice of completion and transmittal of the record, file their brief-in-chief contesting the

shorthand reporter's failure to complete the transcript in a criminal proceeding represents gross incompetence and neglect of duty[3] warranting revocation. The discipline imposed is consistent with the teachings of *Oklahoma State Bd. of Examiners of Certified Shorthand Reporters v. Thompson*, 2004 OK 94, 106 P.3d 589.

## FACTS AND PROCEDURAL HISTORY

¶2 Clark recorded the testimony at a preliminary hearing held on May 21, 2004. Amos E. Black, III (Black) represented two of three defendants involved in the criminal proceeding. Because there were multiple defendants, Black was excused while testimony was taken concerning the third defendant's involvement. Black's clients informed him, and he believes, that the testimony taken during this portion of the preliminary hearing weighs significantly upon the lawfulness of the arrest and the search of his clients' residence. Black is convinced that his clients' freedom hinges on the testimony offered after he was excused from the courtroom.[4]

¶3 Black ordered a copy of the entire transcript, including the portion of the hearing from which he was excluded. On July 17, 2004, he received a copy of the transcript. Eleven months later, on June 1, 2005, Black notified Clark that the transcript provided was incomplete and did not contain testimony critical to his clients' defense. When the shorthand reporter did not respond to his letter, Black made numerous other attempts to contact her. Clark did not reply to any of these inquiries.[5] The only information Black received concerning the missing testimony came from a fellow attorney who called him

---

Board's recommendation or any part thereof. Answer brief shall be filed ten (10) days after the filing of brief-in-chief. Reply briefs may be filed five (5) days after filing of answer briefs. Briefs shall be subject to the provisions of the Rules of the Supreme Court, Rules 10–24, 12 O.S., Ch. 115, App. 2, Rule 1.28(b)-(f), as amended.
c. After filing of briefs the decision and recommendations of the Board shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part; remand with instructions or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court, 12O.S., Ch. 15, App. 1, Rule 28."
*Oklahoma State Bd. of Examiners of Certified Shorthand Reporters v. Thompson*, 2004 OK 94, ¶5, 106 P.3d 589; *State ex rel. State Bd. of Examiners of Certified Shorthand Reporters v. Hamm*, 2001 OK 8, ¶9, 18 P.3d 1077.

2. *State ex rel. Oklahoma State Bd. of Examiners of Certified Shorthand Reporters v. Parrish*, 2006 OK 91, ¶5, 152 P.3d 202; *State of Oklahoma ex rel. State Bd. of Official Shorthand Reporters v. Isbell*, 1990 OK 135, ¶3, 803 P.2d 1143. See also, Rule 7(b), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, 20 O.S. Supp.2004, Ch. 20, App. 2 providing in pertinent part:

"... The Complainant shall have the burden of persuasion on the material elements of the Complaint...."

3. Title 20 O.S.2001 § 1502 providing in pertinent part:

"A. The State Board of Examiners of Certified Shorthand Reporters shall:
... 4. Conduct proceedings, on reasonable notice, the object of which is to recommend to the Supreme Court the suspension, cancellation, revocation or reinstatement of the enrollment of a certified or licensed shorthand reporter or of the status of any acting shorthand reporter, regular or temporary, on the following grounds:
... d. fraud, gross incompetence, or gross or habitual neglect of duty ...."
Rule 2, Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, 20 O.S. Supp.2004, Ch. 20, App. 2 providing in pertinent part:
"The Board shall on complaint, or as otherwise hereafter provided, conduct proceedings, on reasonable notice, the object of which is to recommend to the Supreme Court discipline of any court reporter, where it shall be determined there exists any of the following grounds:
... d. Fraud, gross incompetence, or gross or habitual neglect of duty ...."

4. Transcript of proceedings, April 13, 2007, Amos E. Black, III testifying in pertinent part at 14:

"... THE WITNESS: No, ma'am. The problem is as far as my clients are concerned is that it's my understanding his testimony is very helpful to their case and basically their freedom is riding on that, on that testimony. So, there are obvious remedies we need that and that could be very detrimental to my clients...."

5. Transcript of proceedings, April 13, 2007, Amos E. Black, III testifying in pertinent part at pp. 16–17:

indicating the court reporter had lost the records.[6]

¶4 On October 24, 2005, Black filed a complaint with the Board. Between January 9th and February 25th of 2006, the Board made two attempts to contact Clark concerning the complaint. When there was no response to the first inquiry and the second letter came back "unclaimed," the Board directed that the letter be served by private process server. Service was accomplished on May 15, 2006. However, the shorthand reporter did not respond to the Board's inquiry.

¶5 The Board scheduled a hearing set for April 13, 2007, to review the facts surrounding Black's complaint.[7] Although Clark was served with notice of the April 13th hearing, she did not appear either personally or through counsel. On April 30, 2007, the Board filed its decision and recommendation that Clark's enrollment as a certified shorthand reporter be cancelled along with the record of the proceeding. We issued an order on June 22, 2007, requiring a response from both parties within ten (10) days of the order. The Board was asked to file a certificate of mailing or other evidence of service of the administrative decision[8] and both parties were directed to advise the Court whether either party intended to file briefs.[9]

¶6 The Board presented evidence of service of the administrative decision and record upon Clark on June 28, 2007. On that same date, the Board filed a waiver of its right to brief the matter requesting that the cause be decided on the administrative decision and record. Just as there was no response to inquiries by Black or the Board, Clark has not responded to our June 22nd order.

¶7 **The failure of the court reporter to complete a transcript in a criminal proceeding having ramifications on the defense warrants license revocation.**

■ ¶8 Clark has presented no defense to any of the allegations of neglect nor has the

---

"... (By Ms. Podolec) Just to make sure, kind of sum up, you've made several attempts to call her both writing her and telephoning her and you've not been able to contact Ms. Clark at all herself?
A No, ma'am. I have never spoke to her.
Q She's not contacted you?
A No.
Q And you've never received the transcript you requested?
A No, ma'am...."

6. Transcript of proceedings, April 13, 2007, Amos E. Black, III, testifying in pertinent part:
"... MS. RING. And do you have any reason to think, not that it makes any difference, but any reason to think that she would have a reason not to give that to you? Like is she dating this officer or one of the defendants, or not that it would make any difference, but just out of curiosity.
THE WITNESS: I have no reason to—that's what baffles me. I have no reason to know why she would not produce it. You know, I received a telephone call from an attorney, Al Hoch is his name. I think I told you guys about that. But, you know, I think the gist of that telephone call was that she lost her records or something and I said just have her call me. And I said, you know, I've got clients that are hanging on this thing and I need more than something from another lawyer saying, you know, that the records were lost. And it could happen. And she could be here to tell you guys that the records were lost because that does happen...."

7. Title 20 O.S.2001 § 1502, see note 3, supra; Rule 2, Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, 20 O.S. Supp.2004, Ch. 20, App. 2, see note 3, supra.

8. Rule 1.4(g)(1), Supreme Court Rules, 12 O.S. Supp.2005, Ch. 15, App. 1 providing:

"**Notice to Parties.**
(1) *By Parties.* Service of all documents filed with the Supreme Court or Court of Civil Appeals shall be made in the manner provided in 12 O.S. Supp.1998, § 2005(B). Proof of service may be by a certificate of service endorsed on the filing. The Court, a Justice thereof, or a Referee of the Supreme Court may require other methods of service and proof of service. No brief, motion, petition, application or suggestion will be considered by the Supreme Court or the Court of Civil Appeals without proof of service as required herein, except where the Court determines that notice is not required."
Rule 8(a), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, see note 1, supra; *State Bd. of Examiners of Certified Shorthand Reporters v. Hamm,* see note 1, supra.

9. Rule 8(b), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, see note 1, supra.

court reporter given any guidance on the appropriate discipline to be imposed. The Board asserts that Clark's failure to respond to inquiries concerning the missing transcript and the harm which may be suffered by the defendants in the underlying cause warrants license revocation. We agree with the Board's recommendation.

¶ 9 We review the record evidence presented *de novo*[10] to determine if the allegations of misconduct are established by clear and convincing evidence.[11] The Board's complaint contained two counts. The first dealt with the court reporter's failure to complete the transcript. The second rested on Clark's refusal to respond to official Board communications.

¶ 10 In *Oklahoma State Bd. of Examiners of Certified Shorthand Reporters v. Thompson*, 2004 OK 94, 106 P.3d 589, we revoked the shorthand reporter's license for actions similar to those presented here. The local trial court did not become involved in the attempt to reconstruct the record here, as did the tribunal in *Thompson*. Nevertheless, both cases involve incomplete transcripts affecting a criminal proceeding and both shorthand reporters were completely unresponsive

to inquiries regarding their ability to supply missing testimony having an effect on a criminal proceeding. In *Thompson*, the shorthand reporter's mistakes resulted in the vacation of a sentence of death in a jury trial. Here, the record contains uncontradicted testimony that the missing transcript may well affect two individuals' freedom.[12]

¶ 11 Upon our independent review, we determine that the appropriate discipline is that imposed in *Thompson* and revoke the court reporter's license. Our decision is supported by the clear, convincing and uncontradicted evidence.

## CONCLUSION

¶ 12 We are not bound by the Board's findings, recommendations and conclusions.[13] Nevertheless, the court reporter has never come forward with either the omitted portion of the transcript or an explanation for the failure to supply the same. Therefore, we adopt the Board's findings and conclusions. We hold that the failure of a court reporter to complete a transcript in a criminal proceeding having ramifications for the defense warrants license revocation.[14]

10. Rule 8, Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, see note 1, supra; *Oklahoma State Bd. of Examiners of Certified Shorthand Reporters v. Thompson*, see note 1, supra; *State ex rel. State Bd. of Examiners of Certified Shorthand Reporters v. Hamm*, see note 1, supra.

11. *State ex rel. Oklahoma State Bd. of Examiners of Certified Shorthand Reporters v. Parrish*, see note 2, supra; *State of Oklahoma ex rel. State Bd. of Official Shorthand Reporters v. Isbell*, see note 2, supra.

12. Transcript of proceedings, April 13, 2007, see note 4, supra.

13. Rule 8(c), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, see note 1, supra.

14. Rule 9(b), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reports, 20 O.S. Supp.2004, Ch. 20, App. 2 providing in pertinent part:
   "Any court reporter who has been disciplined by having had his/her enrollment canceled, who has had his/her license revoked or who has had his/her status of acting court reporter

revoked by order of the Supreme Court after formal disciplinary proceedings, may seek reinstatement by filing a verified application with the Secretary of the Board and a copy with the Clerk of the Supreme Court, which application shall state:
1. The applicant's current home and business address, together with a narrative of his/her residence and employment history during the period of cancellation or revocation;
2. That the applicant has not, during the period of his/her cancellation or revocation, been finally convicted of a criminal offense which indicates a clear and rational likelihood that the reporter will not properly discharge the responsibilities of a person licensed pursuant to 20 O.S. §§ 1505 et seq. and 20 O.S. § 106.3B;
3. The names of at least five (5) persons who will testify as to the good moral character of the applicant;
4. That the applicant has paid all costs of the disciplinary proceeding resulting in his/her discipline; all renewal fees due but unpaid at the time of cancellation or revocation and will pay all costs attendant to processing of his/her application for reinstatement;
4. [sic] That the applicant has not engaged in the practice of court reporting during the term of suspension; and

**LICENSE REVOKED.**

WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ., concur.

5. That the applicant has taken and successfully passed the examination prescribed by the Board for certification of shorthand reporters...."

Here, the Board has not requested the imposition of costs and no schedule of costs has been submitted. It is unknown whether the shorthand reporter renewed her license in the interim between the time she took the transcript at issue and the date disciplinary proceedings were instituted as the General Counsel of the Administrative Office of the Courts was unable to so advise the Board. Transcript of Proceedings, April 13, 2007, p. 18. The Administrative Office of the Courts has undertaken the responsibility of maintaining the current roll of certified, licensed or acting shorthand reporters pursuant to Rule 18, Rules of the Oklahoma State Board of Examiners of Certified Shorthand Reporters, 20 O.S. Supp. 2004, Ch. 20, App. 1.