STATE ex rel. STATE BD. OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS v. IDLEMAN
2022 OK 33
Case Number: 119742
Decided: 04/12/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 33, __ P.3d __

 

 

STATE OF OKLAHOMA ex rel. STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS, Complainant,
v.
KIMBERLY IDLEMAN, CSR License No. 1653, Respondent.

APPEAL FROM THE OKLAHOMA STATE BOARD 
OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS

¶0 The State Board of Examiners of Certified Shorthand Reporters (Board) filed a formal complaint and recommendation of discipline against the Respondent, Kimberly Idleman (Idleman), pursuant to 20 O.S.2021 § 1502de novo review, we hold the failure of this court reporter to complete and to timely and accurately complete transcripts in multiple criminal proceedings, and the resulting ramifications therefrom, warrants license revocation.

LICENSE REVOKED. 

Marie Schuble, Assistant Attorney General, Oklahoma City, Oklahoma, for State Board of Examiners of Certified Shorthand Reporters, Complainant.

KANE, V.C.J.:

¶1 The State Board of Examiners of Certified Shorthand Reporters (Board) filed a formal complaint20 O.S.2021 § 1502de novo review, we hold the failure of this court reporter to complete transcripts and to timely and accurately complete transcripts in multiple criminal proceedings, and the resulting ramifications therefrom, warrants license revocation.

I. FACTS AND PROCEDURAL HISTORY

¶2 Respondent was hired in May 2019 as a court reporter in District 3, which covers Kiowa, Greer, Tillman, Jackson and Harmon counties. Judge Leverett held weekly meetings with Respondent regarding her incomplete and/or missing transcripts, including, but not limited to, the following cases: Perryman v. State, No. F-2020-494, Carruthers v. State, No. F-2020-538, State v. Welker, No. CF-19-46/79, and State v. Lenard, No. CF-19-58. Respondent continually misrepresented the status of the transcripts during her weekly meetings with Judge Leverett.

¶3 In April and May of 2020, transcripts became due to be filed as part of appeal records, but Respondent did not file them. As a result, court clerks filed notices of non-completion with the district courts in the following cases: (1) Scott v. State, No. RE-2020-86;Means v. State, No. RE-2020-99;Maldonado v. State, No. RE-2020-139.

¶4 On July 24, 2020, the OCCA remanded these three matters to the District Court of Tillman County and the District Court of Jackson County for a hearing regarding Respondent's failure prepare the required transcripts. On this same date, Respondent was ordered to advise the OCCA in writing why she had failed to comply with Rule 3.2(C)(2),

¶5 On July 31, 2020, Respondent appeared at an evidentiary hearing before Judge Leverett. Respondent represented she would deliver the transcripts in Maldonado v. State, No. RE-2020-139, to Tillman County that afternoon. However, Respondent did not deliver the transcripts on that date and the transcripts were, in fact, never completed. Respondent also advised Judge Leverett at the same evidentiary hearing that she would have the transcripts in the Scott v. State, Case No. RE-2020-86 and the Means v. State, No. RE-2020-99, proceedings filed by August 7, 2020. Despite Respondent's promises, none of the transcripts were completed by August 7, 2020.

¶6 On August 6, 2020, a motion for order requiring Respondent to file transcripts and to show cause was filed in Jackson County in a fourth case, Staley v. State, No. C-2020-221, alleging Respondent failed to file the designated transcripts. Ultimately, the Staley and Means transcripts were left by Respondent with a safety monitor in the basement of the courthouse; instead of being properly filed with the court clerk's office.

¶7 On August 12, 2020, the OCCA issued an order directing Respondent to appear before it en banc to show cause as to the status of the transcripts in the four above-referenced matters. Respondent failed to appear for the show cause hearing as ordered by the OCCA and did not contact the OCCA to provide any explanation for her failure to appear, as required by Rule 3.2(C)(2), Rules of the Okla. Ct. of Crim. App.

¶8 After Respondent failed to appear before the OCCA at her show cause hearing, the OCCA filed an order on August 20, 2020, remanding all four cases to the district court for an evidentiary hearing for Judge Leverett to determine the status of the appeal records and to advise the OCCA regarding the completion of the appeal records in each case.

¶9 Judge Leverett filed his responses with the OCCA on September 8, 2020. Judge Leverett determined the transcripts in Staley and Means contained scrivener's errors and remanded both cases to the District Court of Jackson County with instructions for the court clerk to correct the errors and to prepare and file a Notice of Filing and to transmit a Notice of Completion in each case. Judge Leverett determined the Scott transcripts were complete and the appeal record was filed with the OCCA. Judge Leverett also determined the Maldonado transcripts were never completed; however, the appeal was dismissed by the OCCA at the defendant's request.

¶10 On October 14, 2020, the OCCA issued an order referring Respondent's non-completion of transcripts to the Board for discipline. The order alleged Respondent's behavior, including her continued failure to ignore directives from the court and her continued habitual neglect of her duties as a certified shorthand reporter, warranted discipline.

¶11 On November 2, 2020, the Board voted to initiate an investigation of Respondent.Perryman v. State, No. CF-2018-175, in the District Court of Jackson County. Respondent did not request an extension or notify the OCCA of the failure as required by Rule 3.2, Rules of the Okla. Court of Crim. App., 22 O.S.2011, ch.18, app.

¶12 Respondent was notified of the Board's investigation and complaint, including the orders received from the OCCA, and requested a written response. Respondent responded via letter and acknowledged she was having difficulty in getting the transcripts completed due to "personal factors."

¶13 The Board conducted an investigation and held a formal disciplinary hearing on July 8, 2021, pursuant to 20 O.S. § 1502

¶14 After the disciplinary hearing, the Board issued its written findings of fact and conclusions of law on July 23, 2021. failed to submit transcripts in the following four criminal proceedings: (1) Carruthers v. State, No. F-2020-538; (2) State v. Lenard, No. CF-19-58; (3) Perryman v. State, No. F-2020-494, and (4) Maldonado v. State, No. RE-2020-139.

¶15 The non-completion of transcripts in the Perryman proceedings resulted in another referral by the OCCA to the Board after Respondent failed to appear at yet another evidentiary hearing before Judge Leverett to show cause as to her failure to complete the transcripts on the dates in question. Ultimately, Judge Leverett was able to re-create a paper trail of what transpired on the dates in question, despite the transcripts never being produced. In the Lenard proceedings, the result of Respondent's failure to produce the transcripts was that the case was remanded to re-conduct the preliminary hearing. It also resulted in the defendant being detained in jail for a longer period of time.

¶16 The Board also concluded Respondent produced transcripts after significant delays and/or with errors in the following cases: State v. Welker, No. CF-19-46 (appeal record filed after eight month delay); Scott v. State, No. RE-2020-86 (appeal record filed after significant delay); Means v. State, No. RE-2020-99 (transcript contained scrivener's errors and was remanded with instructions for court clerk to correct and file Notice of Filing and Notice of Completion); Staley v. State, No. C-2020-221 (transcript contained scrivener's errors and was remanded with instructions for court clerk to correct and file Notice of Filing and Notice of Completion); and State v. Mills, No. CF-2019-76 (appeal record filed after thirteen month delay and with the wrong case number).

¶17 The Board concluded Respondent's conduct, her continued misrepresentations to the court, her failure to appear before the OCCA, and her failure to conduct herself in a reliable and professional manner as shown by her continued failure to appear at hearings and/or her tardiness at hearings, and her failure to answer phone calls and/or texts from judges and bailiffs, constituted fraud, gross incompetence, and gross or habitual neglect of duty. The case is now before this Court to determine whether the Board's recommendation to revoke this shorthand reporter's license should be accepted or rejected.

II. STANDARD OF REVIEW

¶18 We review the Board's recommendation to revoke a court reporter's enrollment as a certified shorthand reporter de novo to determine if the allegations of misconduct were established by clear and convincing evidence. See State ex rel. Bd. of Examiners of Certified Shorthand Reporters v. Clark, 2007 OK 67183 P.3d 164see also State ex rel. Bd. of Examiners of Certified Shorthand Reporters v. Hamm, 2001 OK 818 P.3d 1077

III. DISCUSSION

¶19 The actions of the Board in recommending revocation of Respondent's license "reflects a desire to maintain the highest standards among those in the court reporting profession." Thompson, 2004 OK 94

¶20 The Board reviewed the facts surrounding the complaint, heard from the witnesses, and reviewed the evidence presented on July 8, 2021.

¶21 On July 23, 2021, the Board filed its recommendation with this Court and recommended Respondent's enrollment as a certified shorthand reporter be revoked due to her "ongoing pattern of unreliable and unprofessional conduct as an official court reporter, her repeated misrepresentations to the court and others, and her habitual delay or failure to produce transcripts in criminal cases, impacting the court, court staff, attorneys, and litigants, constitutes fraud, gross incompetence, and gross or habitual neglect of duty" in accordance with 20 O.S. § 1502

¶22 "We are not bound by the Board's findings, recommendations and conclusions." Clark, 2007 OK 67

¶23 In State Board of Examiners of Certified Shorthand Reporters v. Thompson, 2004 OK 94106 P.3d 589State Board of Examiners of Certified Shorthand Reporters v. Clark, 2007 OK 67Clark, we revoked the shorthand reporter's license for failure to complete a single transcript in a criminal proceeding because it represented gross incompetence and neglect of duty, which had ramifications on the defense. See Clark, 2007 OK 67Thompson, we revoked the shorthand reporter's license for incomplete and inaccurate transcripts in a criminal case that could not be repaired. See Thompson, 2004 OK 94Clark and Thompson failed to complete a single transcript in a criminal proceeding, the uncontested evidence in this case supports Respondent failed to complete four transcripts in four different criminal proceedings and that Respondent failed to timely and accurately complete five transcripts in an additional five criminal proceedings. Such actions constitute fraud, gross incompetence, or gross or habitual neglect of duty requiring revocation pursuant to 20 O.S. § 1502

¶24 The ramifications of Respondent's proceedings might not appear to be as serious as the vacation of a sentence of death in a jury trial due to omitted portions of a transcript, like the case in Thompson, but the record before us today does support multiple and continuous cases of gross incompetence and/or gross or habitual neglect of duty by Respondent. Like the trial court did in Thompson,Perryman after Respondent failed to produce the transcripts.Maldonado case, the appeal was dismissed by the OCCA at defendant's request - a fortuitous result considering the serious consequences that could have resulted from Respondent's inactions.

¶25 Additional ramifications of Respondent's conduct are displayed in the Lenard case, where the case had to be remanded and the preliminary hearing had to be re-conducted due to Respondent's failure to submit the transcripts.

¶26 Respondent did not respond to the Complaint, nor did she appear at the hearing before the Board. The record is clear Respondent was given ample time to turn in missing transcripts and/or to make corrections in the necessary transcripts. Despite this opportunity, Respondent did not take advantage of Judge Leverett's advice or time, despite his generosity. Respondent's conduct has caused unnecessary delays to the court, additional costs and time to the parties and attorneys involved, harm to the defendants, and to her profession, in general.

¶27 Upon our independent review, we determine the appropriate discipline is that imposed in Clark and Thompson, supra, and we revoke Respondent's court reporter's license. Our decision is supported by the clear and convincing evidence.

IV. CONCLUSION

¶28 We adopt the findings and conclusions of the Board in this matter. Upon a de novo review, we hold the failure of Respondent to complete and to timely and accurately complete transcripts in multiple criminal proceedings, and the resulting ramifications therefrom, warrants license revocation.

LICENSE REVOKED.

CONCUR: Kane, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Rowe and Kuehn, JJ.

RECUSED: Darby, C.J.

FOOTNOTES

a) Upon an affirmative vote of the Board to commence formal disciplinary proceedings, the Secretary of the Board shall prepare a formal complaint . . . .

The Complaint shall state the specific facts constituting the alleged misconduct, whether prior misconduct has resulted in discipline, and whether prior investigations of misconduct are to be relied upon to enhance discipline. Any prior acts or conduct relied upon to enhance discipline shall be so stated and set forth by specific allegation of fact. The complaint shall be attested by the Chairman of the Board.

. . .

c) The Secretary of the Board shall cause the complaint together with notice of a hearing before the Board thereon to be sent to the court reporter involved. The hearing before the Board shall be set no earlier than thirty (30) days from the date of mailing of the complaint and notice . . . .

e) Upon written request made not less than fifteen (15) days prior to the hearing date, the court reporter respondent shall be provided with a list of all witnesses the Board reasonably anticipates may be called to testify at the hearing and copies of all documentary evidence supporting the allegations of the complaint . . . The court reporter respondent . . . shall submit a list of all witnesses the respondent anticipates may be called to testify at the hearing and all documentary evidence the court reporter intends to introduce as evidence in defense of the charges in the complaint or as to mitigation of discipline . . . .

A. The State Board of Examiners of Certified Shorthand Reporters shall:

4. Conduct proceedings, on reasonable notice, the object of which is to recommend to the Supreme Court the suspension, cancellation, revocation or reinstatement of the enrollment of a certified or licensed shorthand reporter or of the status of any acting shorthand reporter, regular or temporary, on the following grounds:

. . .

d. fraud, gross incompetence, or gross or habitual neglect of duty, . . .

Upon receiving a complaint, or as otherwise hereafter provided, the Board shall conduct hearings, on reasonable notice, the object of which is to recommend to the Supreme Court discipline of any court reporter, where it shall be determined there exists any of the following grounds:

. . .

d. Fraud, gross incompetence, or gross or habitual neglect of duty.

The procedure for filing a complaint against a court reporter and the investigation of such complaint shall be as follows:

a) The Board shall furnish forms for a request for investigation to each person who alleges misconduct of a court reporter. Each complaint shall be in writing, although not necessarily in the prescribed form, and signed by the complainant. A complaint may be filed by any person, including another court reporter, who has knowledge or information of misconduct of a court reporter. The Board may initiate a complaint upon its own motion.

b) A complaint shall be filed with the Secretary of the Board, who shall transmit copies to all members of the Board. The Board shall conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings.

1) The Board may solicit additional information from the complainant.

2) The Board may interview or subpoena potential witnesses.

3) The Board shall inform the court reporter involved of the nature of the complaint and afford the court reporter an opportunity to respond thereto in writing.

. . .

d) Should the Board determine that formal disciplinary proceedings are warranted, the Secretary of the Board shall prepare a formal complaint, as set forth in Rule 6.

See Rule 6(c), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, note 1, supra.

a) The Board, under signature of the Chairperson on behalf of the Board, shall have power to issue subpoenas to compel the attendance of witnesses on behalf of the State or the court reporter involved.

b) The Chairperson shall preside over formal disciplinary hearings . . . Disciplinary hearings shall be conducted in an orderly manner, generally following the order of proceedings in civil matters. However, the formal rules of evidence and civil procedure shall not apply to disciplinary hearings before the Board. Any evidence offered on behalf of the complainant or the court reporter respondent shall be received and considered unless clearly irrelevant to the proceedings. The court reporter shall have the right to appear personally or through counsel, cross examine witnesses and present evidence on his/her own behalf. A complete stenographic record of formal disciplinary hearings before the Board shall be kept. The complainant shall have the burden of persuasion on the material elements of the complaint . . . .

c) All disciplinary proceedings before the Board shall be open to the public, except that the Board, when acting in its capacity as a quasi-judicial body, may close the meeting to the public for purposes of deliberations only. All votes of the Board regarding disciplinary matters shall be publicly cast and recorded . . . .

d) Decisions of the Board shall be in writing with findings of fact and conclusions of law as applicable, including a recommendation as to discipline, if such is found to be indicated. The written decision of the Board shall reflect the votes of the members for or against the Board's recommendation. The written decision of the Board shall constitute its recommendation to the Supreme Court for or against discipline. If the recommendation is for discipline, the Board may recommend:

1) Suspension for a period of time up to one (1) year; or

2) Revocation of the enrollment of a certified court reporter . . .

See Notice of Non-Completion, filed April 21, 2020, by the Court Clerk of Jackson County in Scott v. State, No. RE-2020-86.

See Notice of Non-Completion, filed April 21, 2020, by the Court of Jackson County in Means v. State, No. RE-2020-99.

See Notices of Non-Completion, filed May 7, 2020, and again on June 3, 2020, by the Court Clerk of Tillman County in Maldonado v. State, No. RE-2020-139.

In the event the petition in error is timely filed but the designated transcripts have not been completed and cannot be filed, the court reporter who transcribed the trial, or other proceeding, must submit an affidavit to this Court showing why the transcripts have not been completed and requesting an extension of time not exceeding thirty (30) days . . . .

Scott transcripts were ultimately completed and submitted on August 17, 2020, after Respondent was ordered to appear and show cause as to the status of the transcripts before the OCCA on August 19, 2020.

See Rule 6(a), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, note 1, supra.

State v. Perryman, No. CF-2018-175. Respondent did not appear and a transcript was never obtained from Respondent.

See Rule 7(b), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, note 6, supra.

See Rule 7(d), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, note 6, supra.

See 20 O.S. § 1502

See Rule 7(b), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, note 6, supra.

See Rule 7(d), Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, note 6, supra.

See 20 O.S.2021 § 1502

The original transcript, indexed and certified as correct, . . . shall be filed with the court clerk in the trial court by the court reporter within sufficient time to allow the trial court clerk to file the notice required by Rule 2.3(A) within ninety (90) days of Judgment and Sentence in misdemeanor and regular felony appeals, and within six (6) months in capital appeals.

Upon the filing of the transcript, the court reporter is required to notify in writing the defendant's appellant attorney, the district attorney, the attorney general, the trial court clerk and the Clerk of the Court, that the transcripts have been filed with the trial court clerk.

See Rule 3.2(C)(2), Rules of the Okla. Court of Crim. App., note 10, supra.

2004 OK 94106 P.3d 589

See Perryman, No. CF-2018-175.

See Maldonado, No. RE-2020-139.

See Lenard, No. CF-19-58.